[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14290
Non-Argument Calendar

_____

Agency No. A98-564-941

JIAN WU XU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 29, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Jian Wu Xu, a native and citizen of China, seeks review of the Immigration

Judge's ("IJ") denial of his motion to reopen his removal proceedings based on a second asylum application. While Xu's original asylum application relied on his alleged persecution in China based on his association with Falon Gong, he now claims in his motion to reopen that he would be persecuted if removed to China because he has recently become a Christian. The IJ ruled that Xu's motion to reopen, which Xu filed more than 90 days after his order of removal, was not time-barred under 8 C.F.R. § 1003.23(b)(1) because he alleged changed circumstances that materially affected his eligibility for asylum under 8 U.S.C. § 1158(a)(2)(D). Nevertheless, the IJ denied Xu's motion to reopen, finding that Xu did not demonstrate that he was eligible for asylum because he failed to show *inter alia* that "all Christians are persecuted in China." Xu argues that, in light of the significant amount of evidence he submitted in support of his motion, the IJ abused his discretion in denying the motion.

When, as here, the Board of Immigration Appeals ("BIA") "summarily affirms the IJ's decision without an opinion, the IJ's decision becomes the final removal order subject to review." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005) (per curiam). We review the denial of a motion to reopen for an abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam) (addressing the BIA's denial of a motion to reopen under 8 C.F.R. § 1003.2). This review "is limited to determining whether there has been an

2

exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (internal quotation marks omitted).

An alien may file a motion to reopen his removal order with the IJ. Immigration and Nationality Act ("INA") § 240(c)(7), 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.23(b)(3). Motions to reopen may be granted if there is new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. *See* 8 C.F.R. §§ 1003.2(c)(1) and 1003.23(b)(3); *see also Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (per curiam). A motion to reopen is, however, disfavored, especially in a removal proceeding "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *I.N.S. v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992). The movant has the "heavy burden" of presenting evidence which would likely change the result in the case. *Ali*, 443 F.3d at 813. A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B); *Verano-Velasco v. U.S. Att'y Gen.*, 456 F.3d 1372, 1376 (11th Cir. 2006) (per curiam). The IJ may deny a motion to reopen if the movant has not established a *prima facie* case for the underlying substantive relief sought. *I.N.S. v. Abudu*, 485 U.S. 94, 104, 108 S. Ct.

904, 912, 99 L. Ed. 2d 90 (1988) (addressing the BIA's denial of a motion to reopen).

To qualify for withholding of removal under the INA, an alien must show that if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). To be entitled to relief under the Convention Against Torture, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

The IJ abused his discretion in this case when he denied Xu's motion to reopen his removal proceedings. In particular, by stating that, "[t]o grant [Xu's] motion the Court would have to accept the fact that all Christians are persecuted in China," the IJ abused his discretion by imposing a higher standard than Xu needed to meet to make out a *prima facie* case that he was entitled to relief. *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c)(2). Accordingly, we grant the petition for review, vacate the IJ's denial of Xu's motion to reopen, and remand the case for

4

the IJ to consider Xu's motion to reopen under the correct legal standard.[1]

**PETITION GRANTED AND CASE REMANDED.**

---

[1] In addition, the IJ may re-examine whether Xu's motion to reopen was time-barred in light of *In re C-W-L-*, 24 I. & N. Dec. 346, 350-51 (BIA 2007).